**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AMINA SABILI,**

                        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-807-Orl-31KRS**

**CHASE HOTEL MANAGEMENT, LLC and HANNA KARCHO,**

                        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 25)**
>
> **FILED:** **February 10, 2011**

**I.　PROCEDURAL HISTORY.**

Plaintiff Amina Sabili filed a complaint against Defendant Chase Hotel Management, LLC (Chase) and Hanna Karcho alleging violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Doc. No. 1. Sabili subsequently dismissed her claims against Karcho. Doc. Nos. 19, 20.

Sabili alleges that she was employed by Chase from approximately February 1, 2009 to March 2010. She held multiple job positions for which she was paid an hourly rate. Doc. No. 1 ¶ 4. She alleges that Chase "is a Florida corporation in the business of operating an hotel and resort in the State of Florida." *Id.* ¶ 5. She makes conclusory allegations that Chase is an employer and an enterprise engaged in commerce or in the production of goods for commerce and that she is an employee as these terms are defined in the FLSA. *Id.* ¶¶ 5-7. She alleges that Chase "repeatedly and willfully" violated

the FLSA by failing to pay her not less than 1 ½ times her regular rate in workweeks during which she worked more than 40 hours. *Id.* ¶ 12.

Sabili caused the complaint to be served on the registered agent for Chase. Doc. No. 10. Chase did not appear or respond to the Complaint. Accordingly, the Clerk of Court entered a default against Chase. Doc. No. 15. Sabili now seeks entry of a default judgment.

## II. APPLICABLE LAW.

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). "[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

"Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.' " *Id.* at 1261 (quoting *Twombly*, 550 U.S. at 570).

Therefore, to establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1).

**III. ANALYSIS.**

In *De Lotta v. Dezenzo's Italian Restaurant, Inc.,* No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, * 2 (M.D. Fla. Nov. 24, 2009), the Honorable Anne C. Conway, Chief United States District Judge, outlined the allegations of fact necessary to establish liability for violation of the overtime provisions of the FLSA for purposes of entry of a default judgment, as follows:

To establish an overtime violation under the FLSA, an employee must show either "(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage), or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage)." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (citing 29 U.S.C. § 207(a)(1)). For an employee claiming individual coverage to be "engaged in commerce" under the FLSA, he or she

> must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24). Enterprise coverage only applies where:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) the employer's annual gross volume of sales is $500,000 or more.

*Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238). District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually. *See Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008)(unpublished decision cited as persuasive authority).

In the present case, the only factual allegations regarding individual coverage are that Sabili worked in multiple job positions for a company that operated a hotel and resort in Florida. There is no allegation that she produced goods or that she regularly used instrumentalities of interstate commerce in her work. Therefore, the allegations of the complaint are insufficient to establish individual coverage.

As to enterprise coverage, Sabili does not allege the number of people Chase employed or the annual gross volume of its sales. Therefore, the allegations of the complaint are insufficient to establish enterprise coverage.

In support of the motion for entry of a default judgment, Sabili presented an affidavit that contains additional facts about the nature of her work and the volume of Chase's business that are not alleged in the complaint. *See* Doc. No. 25-1. Because these facts were not alleged in the complaint, however, Chase is not deemed to have admitted them by virtue of its default. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, the

Court cannot consider these facts when making its determination about whether the complaint alleges sufficient facts to support liability.

Because the factual allegations of the complaint are not sufficient to establish liability, the motion for entry of a final default judgment must be denied. The Court may permit Sabili to file and serve an amended complaint in which she alleges facts sufficient to establish liability.

## IV. RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the Court **DENY** Plaintiffs' Motion for Entry of Final Default Judgment (Doc. No. 25). I further recommend that the Court permit Plaintiff to file and serve an amended complaint, within a time established by the Court, which amended complaint must allege facts sufficient to establish Defendant's liability for violation of the FLSA.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 1, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy