**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMINA SABILI,**

      **Plaintiff,**

**-vs-**             **Case No.  6:10-cv-807-Orl-31KRS**

**CHASE HOTEL MANAGEMENT, LLC**
**and HANNA KARCHO,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 35)** |
| **FILED:** | **May 31, 2011** |

**I. PROCEDURAL HISTORY.**

  On May 19, 2010, Plaintiff Amina Sabili filed a complaint alleging that Defendants Chase Hotel Management, LLC (Chase) and Hanna Karcho violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime compensation.  Doc. No. 1.  The record reflects that service of process on Karcho and Chase were returned, unexecuted.  Doc. Nos. 6, 7.  Accordingly, counsel for Sabili sought and obtained extension of time to perfect service of process.  Doc. Nos. 8, 9.  Sabili was able to perfect service of process on Chase, Doc. No. 10, and she sought and obtained

another extension of time to serve Karcho.  Doc. Nos. 11, 12.  Ultimately, Sabili voluntarily dismissed her claims against Karcho.  Doc. Nos. 19, 20.

A default was entered when Chase failed to appear and respond to the complaint.  Doc. No. 15.  Sabili sought and obtained two extensions of time to file a motion for entry of a default judgment against Chase.  Doc. Nos. 21, 22, 23, 24.  When the motion for default judgment was ultimately filed, the Court determined that the complaint failed to allege sufficient facts to show that Chase was liable for violation of the FLSA.  Doc. Nos. 26, 27.  Chase was given leave to file and serve an amended complaint.  Doc. No. 27.

Sabili filed an amended complaint on March 25, 2010 and served it on Chase on April 4, 2011.  Doc. Nos. 28, 30.  Chase again failed to appear and respond, and another default was entered against it.  Doc. No. 33.  Thereafter, Sabili filed the present motion for entry of a default judgment.  Sabili served Chase with a copy of the motion, but it has not responded and the time for doing so has passed.  Therefore, the motion is ripe for consideration.

## II.        STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  The United States Supreme Court noted the difference between well-pleaded facts and conclusory allegations.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

-2-

elements of a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 1949 (internal citations omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"

*Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  This analysis is equally applicable to a motion for

default judgment. *See De Lotta v. Dezenzo's Italian Rest., Inc*., No. 6:08-cv-2033-Orl-22KRS, 2009

WL 4349806, at * 5 (M.D. Fla.2009).

　　　"Although a defaulted defendant admits well-pleaded allegations of liability, allegations

relating to the amount of damages are not admitted by virtue of default; rather, the Court determines

the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.

Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the Court may hold a

hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace

Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Fed. R. Civ. P. 55(b)(2)).  However, a

hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id.*

## III.　　ALLEGATIONS OF THE AMENDED COMPLAINT.

　　　Chase operates a hotel and resort in Florida.  Doc. No. 28 ¶ 5.  Its gross annual sales are at

least $500,000.00.  *Id.* ¶ 8.

　　　Chase employed Sabili from February 1, 2009 through March 2010 in a variety of hourly wage

jobs.  *Id.* ¶ 4.  In these positions, Sabili answered telephones and processed credit cards and

information for customers among several states and outside the country.  *Id.* ¶ 6.  Sabili worked

numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess

of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.  Chase repeatedly and willfully failed to pay Sabili overtime compensation.  *Id.* ¶ 13.

## IV.   ANALYSIS.

A.   *Liability*.

To prevail on a claim for payment of overtime under the FLSA, Sabili must establish the following:

First, that she was employed by Defendant during the time period involved;

Second, that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce;

Third, that Defendant failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, Chase admits that it employed Sabili during the relevant time period.  It admits Sabili was engaged in commerce and that Chase was an enterprise engaged in commerce within the definition of the FLSA.  It admits that it failed to pay Sabili overtime compensation as required by the FLSA.  This is sufficient to establish that Chase is liable to pay Sabili overtime wages she is owed for her work.

B.   *Damages*.

1.   Overtime Compensation.

Under the FLSA, Sabili is entitled to be paid one and one-half times her regular rate of pay for all hours in excess of forty worked in a work week.  *See* 29 U.S.C. § 207(a)(1).  Sabili has the burden of proving the amount of damages to be awarded.

-4-

When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

Sabili avers that she was paid $12.00 per hour for her work for Chase. Doc. No. 35-1 ¶ 4. She attests that she worked 6 hours of overtime per week for each of the 52 weeks she worked from February 1, 2009 through March 2010. *Id.* ¶ 7. She was not paid the half-time hourly rate premium for this overtime work. *Id.* She seeks $1,872.00 in overtime compensation, computed as follows: 52 weeks times x 6 hours overtime per week x $6.00 per hour overtime premium = $1,872.00. *Id.*

Because Chase did not come forward with records of the work performed by Sabili, Sabili's affidavit is sufficient to carry her burden of proof regarding the amount of overtime compensation due under the FLSA.

2.     Liquidated Damages.

By defaulting, Chase admits that it acted willfully in failing to pay Sabili the required overtime compensation.   When, as here, the Defendant has not presented a defense that the failure to pay overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]"  29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).   Accordingly, Chase should be required to pay Sabili the amount of unpaid overtime compensation owed to her, $1,872.00, as liquidated damages.

C.     Attorney's Fees and Costs.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."   *Id*. at 434; *accord Norman*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Sabili seeks an award of $1,864.50 for professional services, as follows:

| Professional | Hourly Rate | Number of Hours | Total Fees |
|---|---|---|---|
| L. Todd Budgen, Esq. | $275.00 | 3.7 | $1,017.50 |
| Jon Rankin, Paralegal | $105.00 | 1.1 | $115.50 |
| Becki Rodak, Paralegal | $95.00 | 7.7 | $731.50 |
| **GRAND TOTAL** | | | **$1,864.50** |

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7the Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

1.    *Hourly Rate*.

This Court has previously approved the hourly rates sought for professionals in this case. Accordingly, I recommend that the Court find that the hourly rates are reasonable in the absence of objection.

2.    *Reasonable Number of Hours*.

Sabili submitted a detailed time statement indicating the work performed in this case.  The Court notes the following duplicative and noncompensable time:

Generally, motions for extension of time for movant to comply with its obligations are not appropriately charged to the opposing party.  *Cf. Steele v. Van Buren Public School Dist*., 845 F.2d 1492, 1496 (8th Cir. 1988) (refusing to award fees for attorney seeking an enlargement of time).[1]  Therefore, I recommend that the Court find the following hours are not chargeable to Chase:

> TIME ENTRY:  LTB Thursday, September 16, 2010 – 0.10 hours
> Receipt and review of Order granting Motion to Extend Time to Perfect Service
>
> TIME ENTRY:  LTB Wednesday, September 15, 2010 – 0.10 hours
> Review and approve Motion to Extend Time to Perfect Service
>
> TIME ENTRY:  br Wednesday, September 15, 2010 – 0.20 hours
> Prepare Motion to Extend Time to Perfect Service
>
> TIME ENTRY:  LTB Wednesday, November 24, 2010 – 0.10 hours
> Receipt and review of Order granting Motion to Extend Time

The following work performed by Rodak is clerical in nature and is, therefore, not compensable.  *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("Of course, purely clerical

---

[1]  Sabili's counsel represents that the motions to extend time to file the motion for a final default judgment arose, primarily, from ongoing settlement discussions with Chase.  Therefore, I recommend that the Court find this time to be reasonable and compensable.

or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

Accordingly, I recommend that the Court find that this time is not compensable:

> TIME ENTRY:  br Tuesday, January 11, 2011 – 0.10 hours
> Email to opposing counsel regarding phone conference
>
> TIME ENTRY:  br Tuesday, January 11, 2011 – 0.10 hours
> Email from counsel for Defendant confirming time for phone conference
>
> TIME ENTRY:  br Wednesday, February 09, 2011 – 0.10 hours
> Email to client resending Declaration for review and signature
>
> TIME ENTRY:  br Wednesday, February 09, 2011 – 0.20 hours
> Telephone call to client regarding emailed Declaration
>
> TIME ENTRY:  br Friday, February 04, 2011 – 0.10 hours
> Email to client attaching Declaration for review and signature
>
> TIME ENTRY:  br Tuesday, March 29, 2011 – 0.20 hours
> Prepare Alias Summons and send out for issuance and service of alias summons

The following time entries for redacting time records are not compensable.  There is no indication that there was information redacted from the time records, and the work performed on two dates appears to be largely duplicative.  Therefore, I recommend that the Court find that this time is not compensable.

> TIME ENTRY:  br Thursday, February 10, 2011 – 0.40 hours
> Review and redact time records for priviledged/confidential information
>
> TIME ENTRY:  br Thursday, May 26, 2011 – 0.30 hours
> Review and redact time records

Finally, because the Court found that the original complaint was insufficient to state a claim, I recommend that the Court find that the following time was not reasonable to prepare a facially deficient complaint and motion for a default judgment:

> TIME ENTRY:  LTB Friday, May 14, 2010 – 0.50 hours
> Review and approve Complaint, Summons and Civil Cover Sheet
>
> TIME ENTRY:  LTB Thursday, February 10, 2011 – 0.40 hours
> Review and approve M. Judgment, Affidavit and Time Records

In sum, I recommend that the Court find that 1.20 hours from Budgen's time and 1.70 hours of Rodak's time were not reasonable or compensable.

3.    *Lodestar Fees.*

The lodestar attorney's fees in this case are as follows:

| Professional | Hourly Rate | Number of Hours | Total Fee |
|---|---|---|---|
| L. Todd Budgen, Esq. | $275.00 | 2.5 | $687.50 |
| Jon Rankin, Paralegal | $105.00 | 1.1 | $115.50 |
| Becki Rodak, Paralegal | $95.00 | 6.0 | $570.00 |
| **GRAND TOTAL** | | | **$1,373.00** |

4.    *Costs.*

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The following are the allowable costs as set forth in 28 U.S.C. § 1920:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under 28 U.S.C. § 1923;

(6)    Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d)

generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  A court cannot award

costs other than those specifically authorized in section 1920, unless authorized by another

applicable statute.  *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir.

2000)(citing *Crawford Fitting Co.*, 482 U.S. at 445).

Sabili seeks an award of costs in the amount of $350.00 for reimbursement for the filing

fee and $495.00 for the costs of serving process in this case.  "Costs for service of process and the

filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ."  *Perrin v. John B. Webb &*

*Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

In this instance, however, the costs for service of process are not all reasonably taxed to

Chase.  The invoices reflect that only $90.00 of the total amount sought related to service of

process on Chase.  Doc. No. 35-4 at 2, 5.  Therefore, I recommend that the Court award only

$90.00 in service of process fees against Chase.

In sum, Sabili is entitled to an award of costs against Chase in the total amount of $440.00.

**V.     RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part and

**DENY** in part the Motion for Entry of Default Final Judgment,  Doc. No. 35, and enter a default

judgment against Chase in the total amount of $5,557.00.[2]  I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 24, 2011.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]  Computed as follows: $1,872.00 overtime compensation + $1,872.00 liquidated damages + $1,373.00 attorney's fees + $440.00 costs = $5,557.00.